UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN M.,

**Plaintiff,**

                                      Case No. 1:20-cv-001713-TPK

    v.

**COMMISSIONER OF SOCIAL**                  ORDER
**SECURITY,**

**Defendant**.

## ORDER

       This social security case is before the Court to consider Plaintiff's motion for attorneys' fees under 42 U.S.C. §406(b) (Doc. 17).  Plaintiff has requested fees in the amount of $30,868.48, to be reduced by the amount of a prior award of $6,078.81 made under the EAJA.  The Commissioner has responded to the motion, noting that it is up to the Court to determine the reasonableness of the requested fee, but asking the Court to direct that any fee the Court approves is to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

       Section 406(b) provides, in pertinent part, that "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment...."  Here, based on the exhibits filed in support of the motion, 25% of the past due benefits awarded to Plaintiff equals $30,868.48.

       That does not end the inquiry, however.  As this Court said in *Janine M. R. v. Comm'r of Soc. Sec.,* 2022 WL 1701987, at *2 (W.D.N.Y. May 27, 2022),

> Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.... Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider. First, courts may consider "the character of the representation and the results the representative achieved." *Id*. Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case. *Id*. Third, the court's review of an attorneys' records of time spent on the matter may assist the court to determine whether the requested fee is a windfall to the attorney. *Id*. In

addition, the Second Circuit states that courts in this district should also consider "whether there has been fraud or overreaching in making the agreement". *Wells v. Sullivan,* 907 F.2d 367, 372 (2d Cir. 1990).

According to Plaintiff's motion, if counsel received the full amount of the requested fee, counsel would be compensated at the rate of $943.99. Although that is a substantial award, none of the factors identified in *Janine M. R.* lead the Court to conclude that this amount should be reduced. The award is in line with other fee awards made by this Court. *See, e.g., Amy Sue H. v. Comm'r of Social Security*, 2021 WL 4519798 (W.D.N.Y. Oct. 4, 2021). Consequently, the motion (Doc. 17) is **GRANTED**, and counsel is awarded fees under 42 U.S.C. §406(b) in the amount of $30,868.48 to be paid out of Plaintiff's past-due benefits in accordance with agency policy. In addition, the Court directs Plaintiff's counsel to return to Plaintiff the $6,078.81 EAJA fees previously awarded, and to do so within 14 days of receipt of the §406(b) fee.

                                             **/s/ Terence P. Kemp**
                                             **United States Magistrate Judge**